IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

**FILED**

SEP 2 5 2013

~~Betta Colon~~
FORREST COUNTY CIRCUIT CLERK

MIKE LOGAN; BLUE MOON SPIRITS;
BERT KING; KING PHOTOGRAPHY;
JACE NGUYEN; NAILS FOR U 2;
JUSTIN GREEN; FIREHOUSE SUBS OF
HATTIESBURG

**PLAINTIFFS**

v.

CIVIL ACTION NO. C13- 0246

CITY OF HATTIESBURG, MISSISSIPPI;
DUNN ROAD ROADBUILDERS, LLC;
SHOWS, DEARMAN & WAITS, INC.
and JOHN DOES 1 THROUGH 5

**DEFENDANTS**

---

### COMPLAINT

---

COME NOW, the Plaintiffs, Mike Logan, Blue Moon Spirits, Bert King, King Photography, Jace Nguyen , Nails For U 2, Justin Green, and Firehouse Subs of Hattiesburg (hereinafter collectively referred to as "the Hardy Street Businesses") by and through their attorneys of record, and file this their Complaint against Defendants City of Hattiesburg, Dunn RoadBuilders, Shows, Dearman & Waits, Inc. and John Does 1 through 5 and for their causes of action would show unto the Court the following:

### PARTIES

1.    At all times herein and currently, the Hardy Street Businesses are owners, landlords, tenants and/or lessees of businesses and certain real property situated on Hardy Street in Hattiesburg, Mississippi, near the intersection of Hardy Street and U.S. Highway 49.  Specifically, the The Hardy Street Businesses include the "persons" set forth in **Exhibit 1** which lists the following information: Individual Name, Business Name, Business Address.

2.    Defendant City of Hattiesburg (hereinafter "City" or "Hattiesburg") is a municipality and a governmental entity of the State of Mississippi and may be served with process upon the City Clerk, Connie Everett, at City Hall, 200 Forrest Street, Hattiesburg, MS 39401, or as by law.

3.    Defendant Dunn Roadbuilders, LLC (hereinafter "Dunn") is a construction company incorporated

under the laws of the State of Mississippi, acting under color of state law, who may be served with process upon its registered agent Gary Walters at 411 West Oak Street, Laurel, Mississippi 39441.

4.   Defendant Shows, Dearman & Waits, Inc. (hereinafter "Waits") is an engineering firm organized and licensed under the laws of the state of Mississippi, acting under color of state law, who may be served with process upon its registered agent Kyle Wallace at 301 Second Avenue, Hattiesburg, MS 39401.

5.   Defendants designated as John Does 1 through 5 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventures, partners, stockholders, or any other related person or entity of the named Defendants and/or any and all other persons who may liable to The Hardy Street Businesses for the claims asserted herein. The Hardy Street Businesses will amend their Complaint once the identities of the unknown Defendants are learned.

## JURISDICTION AND VENUE

6.   The misconduct complained of herein arose in Forrest County, Mississippi; jurisdiction of the partes and of the subject matter of this action are proper in this Court.

7.   Venue is proper pursuant to Miss. Code Ann. § 11-11-3 because substantial acts and omissions which caused the injury occurred in the Forrest County, Mississippi, and because the action against governmental entities must be commenced in the county where the entities are located.

8.   This action is authorized by 42 U.S.C. § 1983 and by Mississippi state law.

## FACTS

9.   Waits was the engineering firm contracted by the City to design, supervise and oversee the widening of Hardy Street between U.S. Highway 49 and 21st Avenue a/k/a Federal Aid and Urban Project No.: HPP-6098-00 (007) LPA/105194-801000 (the "Project").

10.     The City advertised the Project for bids in accordance with Contract Documents and Special Conditions prepared by Waits in April 2012, by which bids were due by July 26, 2012.

11.     Dunn was the party selected by the City to undertake the project.

12.     On or about October 16, 2012 the City of Hattiesburg entered into a contract with Dunn Roadbuilders, LLC which provided in pertinent part:

a.      For the widening of Hardy Street between U.S. Hwy. 49 and 21st Avenue;

b.      The Project would utilize federal funds; and

c.      The completion date for the Project would be March 28, 2013.

13.     The contract provides that work would begin on the project fourteen days after the contract was signed.

14.     The contract further stated that work should be completed within 150 calendar days.

15.     Negligent acts and omissions by Defendant Dunn and Waits have caused substantial delays to the completion of the Project, to date, approximately 167 calendar days beyond the original 150 days.

16.     Based upon information and belief, Dunn and Waits have failed to properly comply with the plans, specifications and attorney Contract Documents for the Project, thereby causing numerous delays in the completion of the Project, which include but are not limited to the following:

a.      Water and sewer lines were not installed in accordance with the plans and specifications and MDEQ and had to be dug up and re-installed;

b.      Sections of subsurface soils were determined to be not of proper character and compaction;

c.      After preliminary surface work had been completed, improper work and lack of testing required tearing out, examination, proper placement of quality fill and rework of surface improvements; and

d.      Other yet unknown negligent errors and omissions.

17.     Dunn and Waits failed to follow Mississippi Department of Environmental Quality and Mississippi Department of Transportation regulations in the construction of the road and sewer along this section

of Hardy Street. These failures have caused portions of the project to be dug up and redone, thus further delaying the project and causing substantial harm to the The Hardy Street Businesses' businesses abutting Hardy Street.

18. The City, as the Local Public Agency (LPA) and in breach of the Contract, has failed to properly supervise the Project, and has allowed these delays and negligent actions to continue.

19. Since the onset of the construction the City, Dunn, Waits, its contractors, and workers, acting under color of state law, have caused numerous unjustified interferences with The Hardy Street Businesses' property rights which arise to temporary takings contrary to the United States Constitution, the Mississippi Constitution, Mississippi law, and Hattiesburg Ordinances.  Said interferences include:

    a.    Unreasonably closing the sections of Hardy Street immediately abutting the businesses so as to unreasonably prevent customers and/or potential customers from patronizing The Hardy Street Businesses' businesses;

    b.    Unnecessarily and unreasonably blocking access to the section of Hardy Street immediately abutting the businesses with heavy machinery, despite reasonable alternatives and numerous complaints to the workers, to the City's Attorney, and to the City;

    c.    Parking heavy machinery, trucks, and equipment in The Hardy Street Businesses' parking lots without prior authorization or just compensation;

    d.    Unnecessarily and unreasonably blocking access to The Hardy Street Businesses' parking lots with heavy machinery and equipment, despite reasonable alternatives and despite The Hardy Street Businesses' pleas to the workers and City to allow access to their places of businesses;

    e.    Wrongfully and unreasonably closing side access streets to Hardy Street near The Hardy Street Businesses' businesses;

    f.    Wrongfully closing sections of Hardy street without due compensation to The Hardy Street

Businesses' in violation of Miss. Code Ann. § 21-37-7, the Fifth and Fourteenth Amendments to the United States Constitution, and Article 3 Section 17 and Article 7 Section 190 of the Mississippi Constitution.

g.   Violating Sec. 23-10 of the Hattiesburg Development Code by wrongfully occupying more than one-third of Hardy Street for an unreasonable length time;

h.   Wrongfully and impermissibly demolishing The Hardy Street Businesses' parking lots and fixtures;

i.   Wrongfully and unreasonably preventing vendors from accessing The Hardy Street Businesses' businesses to restock goods;

j.   Intentionally, willfully, grossly negligently, and/or negligently damaging The Hardy Street Businesses' vehicles, parking lots, and buildings by consistently throwing rocks, constantly stirring up dust, and wrongfully causing damage to The Hardy Street Businesses' property.

20.   The Defendant's actions have wrongfully deprived the The Hardy Street Businesses of all or substantially all economic use of their properties because customers are not able to access the The Hardy Street Businesses' businesses. In fact, some The Hardy Street Businesses have been forced to take extreme measures to ensure their businesses stay open.

21.   Additionally, The Hardy Street Businesses have had, at times, their utilities disconnected as a result of the construction, forcing The Hardy Street Businesses to shut down for hours at a time.

22.   The Hardy Street Businesses have complained to the City about the delays and interference with their business, but the City has taken no action to lessen the interference or to expedite the construction.

23.   To date, Mayor Dupree and the City have refused to compensate Plaintiff for their damages and the City and Mayor Dupree have refused and wholly failed to engage in meaningful correspondence in regards to the completion of construction and the compensation of The Hardy Street Businesses' damages.

24.   Upon information and belief, select businesses along Hardy Street have been given special consideration by the City in that arrangements were made to ensure as little interference with the select businesses as possible.

25.   These select businesses have close ties to Mayor Dupree and the Mayor's office, and as a result, have been given special consideration for their continued support.

26.   The Hardy Street Businesses named herein lack this "special relationship" with the Mayor's office and, because of such, their pleas with the City have been ignored and overlooked.

## COUNT I - INVERSE CONDEMNATION/TAKING

27.   The allegations of the foregoing paragraphs are hereby incorporated by reference.

28.   As abutting owners, landlords, and lessees of business and property along Hardy Street, the The Hardy Street Businesses have a special right of reasonable access and use in Hardy Street. This property right cannot be taken by the City without due compensation even if it constitutes a "partial" or "temporary" taking.

29.   Further, the Defendants have deprived the The Hardy Street Businesses of all economic use by virtue of its actions.

30.   Plaintiffs have lost, in some instances, half of their available parking spots without due compensation from the Defendants. This loss of parking will severely alter and impede Plaintiffs' ability to operate a successful business.

31.   The Defendants' actions arise to a taking in violation of the Fourth and Fourteenth Amendments of the United States Constitution and Article 3 Section 17 and Article 7 Section 190 of the Mississippi Constitution. Therefore, the Defendants are liable to The Hardy Street Businesses for all damages proven at trial.

## COUNT II - DUE PROCESS VIOLATIONS

32.   The allegations of the foregoing paragraphs are hereby incorporated by reference.

33.   The misconduct of the City, as mentioned above, has resulted in the loss of liberty and property

without procedural or substantive due process in violation of the 5th and 14th Amendments of the United States Constitution and Article 3 Section 17 and Article 7 Section 190 of the Mississippi Constitution.  Therefore, the City is liable to The Hardy Street Businesses for all damages proven at trial.

## COUNT III - EQUAL PROTECTION

34.   The allegations of the foregoing paragraphs are hereby incorporated by reference.

35.   By giving special consideration to select businesses only, the Defendants have deprived The Hardy Street Businesses of equal protection under the Fourteenth Amendment of the United States Constitution.

36.   The fact that some businesses have been given special consideration shows that steps could have been taken to lessen the interference to The Hardy Street Businesses' businesses.

## COUNT IV - BREACH OF CONTRACT

37.   The allegations of the foregoing paragraphs are hereby incorporated by reference.

38.   Dunn entered into a contract with the City to widen the area Hardy Street identified *infra*.

39.   Waits entered into a contract to oversee the project as Project Engineer.

40.   The Contract specifically stated that construction was to be completed within 150 days from the start of construction, which would have been on or about March 28, 2013.

41.   The only reasonable delay occurred in February of 2013 when a tornado temporarily damaged numerous properties close to this area of Hardy Street.

42.   Dunn requested and was given a seven (7) day extension as a result of the tornado.

43.   Even with the extension, Dunn has purposefully, intentionally and willfully breached its contract by delaying this project in favor of other projects which Dunn had with other municipalities.

44.   The Hardy Street Businesses, as citizens of Hattiesburg and businesses directly adjacent to the Hardy Street widening project, are third party beneficiaries of the contract between the City, Dunn, and Waits.

45.   By failing to complete the construction within the allotted time, through no fault of The Hardy Street Businesses, Dunn has breached the contract and has caused substantial financial and economic damages to the The Hardy Street Businesses.

46.   Waits failed to properly supervise and oversee the project, in breach of the contract with the City. Further, both Dunn and Waits have breached the contract by not following the designs and specifications for the project, which has further caused delays.

## COUNT VI - SUPPLEMENTAL TORT CLAIMS
### (DUNN AND WAITS)

47.   Supplemental Tort claims may be made against the City once the requirements of the Mississippi Tort Claims act have been satisfied.

48.   The allegations of the foregoing paragraphs are hereby incorporated by reference.

### A. TRESPASS

49.   Despite numerous demands to stay off their property, the Defendants and its agents continue to trespass and cause damage to The Hardy Street Businesses' property without any just cause or compensation to the The Hardy Street Businesses.

50.   The Defendants, nor its agents, have requested permission to cross The Hardy Street Businesses' property, nor has any permission been given by the The Hardy Street Businesses.

### B. NEGLIGENT/INTENTIONAL INTERFERENCE
### WITH BUSINESS RELATIONS

51.   The Defendants have interfered with The Hardy Street Businesses' business relations by not allowing customers access to The Hardy Street Businesses' businesses.

52.   The Defendants know that by closing the roads and entrances which service the The Hardy Street Businesses' businesses, patrons of these businesses would not be able to patronize these businesses, thus interfering with The Hardy Street Businesses' business relations.

### C. NEGLIGENCE

53.   The allegations of the foregoing paragraphs are hereby incorporated by reference.

54. Defendant Waits, by and through its Project Engineer, have been negligent in their supervision of the construction project and have allowed numerous negligent acts to occur, greatly delaying the completion of the construction project.

55. On numerous occasions, Defendants have been forced to dig up and re-do several portions of the project because Defendants failed to follow the design plans and because the Defendants failed to follow state regulations for the construction of roads and sewers.

56. These delays have been caused by the negligent acts and omissions of Dunn and Waits.

57. These Defendants owed The Hardy Street Businesses a duty to act in accordance with the contract, the design plans, and state regulations in completing the subject project.

58. Defendants have breached these duties, causing substantial and unreasonable delays, said breaches being the proximate cause of foreseeable financial and economic damages suffered by the The Hardy Street Businesses in this matter.

## D. INFLICTION OF EMOTIONAL DISTRESS

59. The negligent actions of the Defendants have caused the The Hardy Street Businesses to suffer emotional distress and loss of enjoyment of life.

60. The Hardy Street Businesses businesses had a history of growth and financial success prior to the commencement of the construction project.

61. The delays and interference have caused The Hardy Street Businesses stress, worry, and anxiety as to The Hardy Street Businesses' ability to maintain and grow their businesses while providing for their families and loved ones.

62. The Hardy Street Businesses have been forced to seek reduction in rent payments to ensure they are able to maintain their businesses day to day expenses.

## E. FRAUDULENT / NEGLIGENT MISREPRESENTATIONS

63. In relation to the project, the City represented to The Hardy Street Businesses that "Access will continue to be available during the construction period.".

64.     Upon information and belief, the City knew that The Hardy Street Businesses would not enjoy access to their properties during the construction project.

65.     The City only made these misrepresentations to induce The Hardy Street Businesses to allow easements to The Hardy Street Businesses' property.

66.     Dunn and Waits, as agents and contractors of the City, are bound by the representations of the City.

67.     The misrepresentations described herein have caused substantial damage to the The Hardy Street Businesses.

### COUNT VII - VIOLATION OF MCA § 21-37-7

68.     The allegations of the foregoing paragraphs are hereby incorporated by reference.

69.     MCA § 21-37-7 states in pertinent part: No street or alley or any portion thereof shall be closed or vacated, however, except upon due compensation being first made to the abutting landowners upon such street or alley for all damages sustained thereby.

70.     Here, the Defendants have closed down a portion of Hardy Street abutting the The Hardy Street Businesses. Therefore, the Defendants are liable to the The Hardy Street Businesses for all damages proven at trial for violating MCA § 21-37-7.

### COUNT VIII - VIOLATION OF HATTIESBURG DEVELOPMENT CODE SEC. 23-10

71.     The allegations of the foregoing paragraphs are hereby incorporated by reference.

72.     The Hattiesburg Development Code Sec. 23-10 states:

> Any and all persons engaged in the construction, alteration, repair or removal of any building, or other structure anywhere in the city are authorized to occupy not more than one-third of the street or alley, measured from the property line immediately in front of and adjacent to the lot on which such building is being erected, altered, repaired or removed, during such reasonable length of time as may be absolutely necessary to carry on and complete the work.

73.     In the instant case, the Defendants have engaged in construction and has unreasonably and unlawfully occupied, used, and closed more than a third of the street. Therefore, the City is liable for all damages proven for violating Hattiesburg Development Code Sec. 23-10.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, The Hardy Street Businesses request the following:

A.      Compensatory, special, and consequential damages;

B.      Special damages for lost income and profits;

C.      Damages for unlawful taking under the Fifth and Fourteenth Amendments of the United

        States Constitution and Mississippi Constitution;

D.      Damages for Due Process and Equal Protection violations under the Fifth and Fourteenth

        Amendments of the United States Constitution and Mississippi Constitution;

E.      Punitive damages for the Defendants' egregious willful misconduct;

F.      Attorney's fees and costs of Court; and

G.      Any other damage or remedy allowed under federal and state law.


Respectfully submitted this the 25 day of September, 2013.


                                        THE HARDY STREET BUSINESSES


                                        BY: _____
                                           DANIEL M. WAIDE, MSB #103543


OF COUNSEL:

DANIEL M. WAIDE, MSB #103543
SAMUEL S. McHARD, MSB #100295
P. MANION ANDERSON, MSB #104250
McHARD & ASSOCIATES, PLLC
15 MILBRANCH ROAD
HATTIESBURG, MS  39402
Phone:   601-450-1715
Fax:     601-450-1719
smchard@mchardlaw.com

| NAME | BUSINESS | ADDRESS |
|------|----------|---------|
| Justin Green | Firehouse Subs of Hattiesburg | 2401 Hardy Street |
| Bert King | King Photography | 2295 Hardy Street |
| Jace Nguyen | Nails For U 2 | 2307 Hardy Street |
| Mike Logan | Blue Moon Spirits | 2313 Hardy Street |

CERTIFIED A TRUE COPY
Forrest County, Mississippi
Lou Ellen Adams, Circuit Clerk
This the 14 day of October 2013

By: _____ D.C.

EXHIBIT
A

IN THE CIRCUIT COURT OF FORREST COUNTY MISSISSIPPI

| | |
|---|---|
| Mike Logan; Blue Moon Spirits<br>Bert King; King Photography; Jace Nguyen;<br>Nails For U 2; Justin Green; Firehouse Subs | Plaintiff |
| Vs | CI13-0246 |
| City of Hattiesburg, Mississippi<br>Dunn Road Roadbuilders, LLC<br>Shows, Dearman and Waites INC<br>And John Does 1 through 5 | Defendant |

      I, Lou Ellen Adams, Clerk of the Circuit/County Court of Forrest County

Mississippi, Hereby Certify that the following papers are all papers filed in the styles

cause CI13-0246 filed with the Circuit Court of Hattiesburg, Forrest County Mississippi:

See Attached Documents

Given under my hand and seal of office this 14th day of October 2013.

Lou Ellen Adams,
Circuit Clerk
Forrest County, Mississippi

By: _____
      Deputy Clerk



IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

**FILED**

MIKE LOGAN; BLUE MOON SPIRITS;
BERT KING; KING PHOTOGRAPHY;
JACE NGUYEN; NAILS FOR U 2;
JUSTIN GREEN; FIREHOUSE SUBS OF
HATTIESBURG

SEP 2 5 2013

*Rain Odom*
FORREST COUNTY CIRCUIT CLERK          **PLAINTIFFS**

CIVIL ACTION NO. C13- 0246

v.

CITY OF HATTIESBURG, MISSISSIPPI;
DUNN ROAD ROADBUILDERS, LLC;
SHOWS, DEARMAN & WAITS, INC.
and JOHN DOES 1 THROUGH 5                         **DEFENDANTS**

---

### COMPLAINT

---

COME NOW, the Plaintiffs, Mike Logan, Blue Moon Spirits, Bert King, King Photography, Jace

Nguyen , Nails For U 2, Justin Green, and Firehouse Subs of Hattiesburg (hereinafter collectively referred

to as "the Hardy Street Businesses") by and through their attorneys of record, and file this their Complaint

against Defendants City of Hattiesburg, Dunn RoadBuilders, Shows, Dearman & Waits, Inc. and John Does

1 through 5 and for their causes of action would show unto the Court the following:

### PARTIES

1.     At all times herein and currently, the Hardy Street Businesses are owners, landlords, tenants and/or

lessees of businesses and certain real property situated on Hardy Street in Hattiesburg, Mississippi,

near the intersection of Hardy Street and U.S. Highway 49.  Specifically, the The Hardy Street

Businesses include the "persons" set forth in **Exhibit 1** which lists the following information:

Individual Name, Business Name, Business Address.

2.     Defendant City of Hattiesburg (hereinafter "City" or "Hattiesburg") is a municipality and a

governmental entity of the State of Mississippi and may be served with process upon the City Clerk,

Connie Everett, at City Hall, 200 Forrest Street, Hattiesburg, MS 39401, or as by law.

3.     Defendant Dunn Roadbuilders, LLC (hereinafter "Dunn") is a construction company incorporated

under the laws of the State of Mississippi, acting under color of state law, who may be served with process upon its registered agent Gary Walters at 411 West Oak Street, Laurel, Mississippi 39441.

4.  Defendant Shows, Dearman & Waits, Inc. (hereinafter "Waits") is an engineering firm organized and licensed under the laws of the state of Mississippi, acting under color of state law, who may be served with process upon its registered agent Kyle Wallace at 301 Second Avenue, Hattiesburg, MS 39401.

5.  Defendants designated as John Does 1 through 5 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventures, partners, stockholders, or any other related person or entity of the named Defendants and/or any and all other persons who may liable to The Hardy Street Businesses for the claims asserted herein. The Hardy Street Businesses will amend their Complaint once the identities of the unknown Defendants are learned.

## JURISDICTION AND VENUE

6.  The misconduct complained of herein arose in Forrest County, Mississippi; jurisdiction of the partes and of the subject matter of this action are proper in this Court.

7.  Venue is proper pursuant to Miss. Code Ann. § 11-11-3 because substantial acts and omissions which caused the injury occurred in the Forrest County, Mississippi, and because the action against governmental entities must be commenced in the county where the entities are located.

8.  This action is authorized by 42 U.S.C. § 1983 and by Mississippi state law.

## FACTS

9.  Waits was the engineering firm contracted by the City to design, supervise and oversee the widening of Hardy Street between U.S. Highway 49 and 21st Avenue a/k/a Federal Aid and Urban Project No.: HPP-6098-00 (007) LPA/105194-801000 (the "Project").

10. The City advertised the Project for bids in accordance with Contract Documents and Special Conditions prepared by Waits in April 2012, by which bids were due by July 26, 2012.

11. Dunn was the party selected by the City to undertake the project.

12. On or about October 16, 2012 the City of Hattiesburg entered into a contract with Dunn Roadbuilders, LLC which provided in pertinent part:

  a. For the widening of Hardy Street between U.S. Hwy. 49 and 21st Avenue;

  b. The Project would utilize federal funds; and

  c. The completion date for the Project would be March 28, 2013.

13. The contract provides that work would begin on the project fourteen days after the contract was signed.

14. The contract further stated that work should be completed within 150 calendar days.

15. Negligent acts and omissions by Defendant Dunn and Waits have caused substantial delays to the completion of the Project, to date, approximately 167 calendar days beyond the original 150 days.

16. Based upon information and belief, Dunn and Waits have failed to properly comply with the plans, specifications and attorney Contract Documents for the Project, thereby causing numerous delays in the completion of the Project, which include but are not limited to the following:

  a. Water and sewer lines were not installed in accordance with the plans and specifications and MDEQ and had to be dug up and re-installed;

  b. Sections of subsurface soils were determined to be not of proper character and compaction;

  c. After preliminary surface work had been completed, improper work and lack of testing required tearing out, examination, proper placement of quality fill and rework of surface improvements; and

  d. Other yet unknown negligent errors and omissions.

17. Dunn and Waits failed to follow Mississippi Department of Environmental Quality and Mississippi Department of Transportation regulations in the construction of the road and sewer along this section

of Hardy Street. These failures have caused portions of the project to be dug up and redone, thus further delaying the project and causing substantial harm to the The Hardy Street Businesses' businesses abutting Hardy Street.

18. The City, as the Local Public Agency (LPA) and in breach of the Contract, has failed to properly supervise the Project, and has allowed these delays and negligent actions to continue.

19. Since the onset of the construction the City, Dunn, Waits, its contractors, and workers, acting under color of state law, have caused numerous unjustified interferences with The Hardy Street Businesses' property rights which arise to temporary takings contrary to the United States Constitution, the Mississippi Constitution, Mississippi law, and Hattiesburg Ordinances. Said interferences include:

    a.    Unreasonably closing the sections of Hardy Street immediately abutting the businesses so as to unreasonably prevent customers and/or potential customers from patronizing The Hardy Street Businesses' businesses;

    b.    Unnecessarily and unreasonably blocking access to the section of Hardy Street immediately abutting the businesses with heavy machinery, despite reasonable alternatives and numerous complaints to the workers, to the City's Attorney, and to the City;

    c.    Parking heavy machinery, trucks, and equipment in The Hardy Street Businesses' parking lots without prior authorization or just compensation;

    d.    Unnecessarily and unreasonably blocking access to The Hardy Street Businesses' parking lots with heavy machinery and equipment, despite reasonable alternatives and despite The Hardy Street Businesses' pleas to the workers and City to allow access to their places of businesses;

    e.    Wrongfully and unreasonably closing side access streets to Hardy Street near The Hardy Street Businesses' businesses;

    f.    Wrongfully closing sections of Hardy street without due compensation to The Hardy Street

Businesses' in violation of Miss. Code Ann. § 21-37-7, the Fifth and Fourteenth Amendments to the United States Constitution, and Article 3 Section 17 and Article 7 Section 190 of the Mississippi Constitution.

g. Violating Sec. 23-10 of the Hattiesburg Development Code by wrongfully occupying more than one-third of Hardy Street for an unreasonable length time;

h. Wrongfully and impermissibly demolishing The Hardy Street Businesses' parking lots and fixtures;

i. Wrongfully and unreasonably preventing vendors from accessing The Hardy Street Businesses' businesses to restock goods;

j. Intentionally, willfully, grossly negligently, and/or negligently damaging The Hardy Street Businesses' vehicles, parking lots, and buildings by consistently throwing rocks, constantly stirring up dust, and wrongfully causing damage to The Hardy Street Businesses' property.

20. The Defendant's actions have wrongfully deprived the The Hardy Street Businesses of all or substantially all economic use of their properties because customers are not able to access the The Hardy Street Businesses' businesses. In fact, some The Hardy Street Businesses have been forced to take extreme measures to ensure their businesses stay open.

21. Additionally, The Hardy Street Businesses have had, at times, their utilities disconnected as a result of the construction, forcing The Hardy Street Businesses to shut down for hours at a time.

22. The Hardy Street Businesses have complained to the City about the delays and interference with their business, but the City has taken no action to lessen the interference or to expedite the construction.

23. To date, Mayor Dupree and the City have refused to compensate Plaintiff for their damages and the City and Mayor Dupree have refused and wholly failed to engage in meaningful correspondence in regards to the completion of construction and the compensation of The Hardy Street Businesses' damages.

24. Upon information and belief, select businesses along Hardy Street have been given special consideration by the City in that arrangements were made to ensure as little interference with the select businesses as possible.

25. These select businesses have close ties to Mayor Dupree and the Mayor's office, and as a result, have been given special consideration for their continued support.

26. The Hardy Street Businesses named herein lack this "special relationship" with the Mayor's office and, because of such, their pleas with the City have been ignored and overlooked.

## COUNT I - INVERSE CONDEMNATION/TAKING

27. The allegations of the foregoing paragraphs are hereby incorporated by reference.

28. As abutting owners, landlords, and lessees of business and property along Hardy Street, the The Hardy Street Businesses have a special right of reasonable access and use in Hardy Street. This property right cannot be taken by the City without due compensation even if it constitutes a "partial" or "temporary" taking.

29. Further, the Defendants have deprived the The Hardy Street Businesses of all economic use by virtue of its actions.

30. Plaintiffs have lost, in some instances, half of their available parking spots without due compensation from the Defendants. This loss of parking will severely alter and impede Plaintiffs' ability to operate a successful business.

31. The Defendants' actions arise to a taking in violation of the Fourth and Fourteenth Amendments of the United States Constitution and Article 3 Section 17 and Article 7 Section 190 of the Mississippi Constitution. Therefore, the Defendants are liable to The Hardy Street Businesses for all damages proven at trial.

## COUNT II - DUE PROCESS VIOLATIONS

32. The allegations of the foregoing paragraphs are hereby incorporated by reference.

33. The misconduct of the City, as mentioned above, has resulted in the loss of liberty and property

without procedural or substantive due process in violation of the 5th and 14th Amendments of the United States Constitution and Article 3 Section 17 and Article 7 Section 190 of the Mississippi Constitution.  Therefore, the City is liable to The Hardy Street Businesses for all damages proven at trial.

## COUNT III - EQUAL PROTECTION

34.    The allegations of the foregoing paragraphs are hereby incorporated by reference.

35.    By giving special consideration to select businesses only, the Defendants have deprived The Hardy Street Businesses of equal protection under the Fourteenth Amendment of the United States Constitution.

36.    The fact that some businesses have been given special consideration shows that steps could have been taken to lessen the interference to The Hardy Street Businesses' businesses.

## COUNT IV - BREACH OF CONTRACT

37.    The allegations of the foregoing paragraphs are hereby incorporated by reference.

38.    Dunn entered into a contract with the City to widen the area Hardy Street identified *infra*.

39.    Waits entered into a contract to oversee the project as Project Engineer.

40.    The Contract specifically stated that construction was to be completed within 150 days from the start of construction, which would have been on or about March 28, 2013.

41.    The only reasonable delay occurred in February of 2013 when a tornado temporarily damaged numerous properties close to this area of Hardy Street.

42.    Dunn requested and was given a seven (7) day extension as a result of the tornado.

43.    Even with the extension, Dunn has purposefully, intentionally and willfully breached its contract by delaying this project in favor of other projects which Dunn had with other municipalities.

44.    The Hardy Street Businesses, as citizens of Hattiesburg and businesses directly adjacent to the Hardy Street widening project, are third party beneficiaries of the contract between the City, Dunn, and Waits.

45.     By failing to complete the construction within the allotted time, through no fault of The Hardy Street Businesses, Dunn has breached the contract and has caused substantial financial and economic damages to the The Hardy Street Businesses.

46.     Waits failed to properly supervise and oversee the project, in breach of the contract with the City. Further, both Dunn and Waits have breached the contract by not following the designs and specifications for the project, which has further caused delays.

## COUNT VI - SUPPLEMENTAL TORT CLAIMS
### (DUNN AND WAITS)

47.     Supplemental Tort claims may be made against the City once the requirements of the Mississippi Tort Claims act have been satisfied.

48.     The allegations of the foregoing paragraphs are hereby incorporated by reference.

### A. TRESPASS

49.     Despite numerous demands to stay off their property, the Defendants and its agents continue to trespass and cause damage to The Hardy Street Businesses' property without any just cause or compensation to the The Hardy Street Businesses.

50.     The Defendants, nor its agents, have requested permission to cross The Hardy Street Businesses' property, nor has any permission been given by the The Hardy Street Businesses.

### B. NEGLIGENT/INTENTIONAL INTERFERENCE
### WITH BUSINESS RELATIONS

51.     The Defendants have interfered with The Hardy Street Businesses' business relations by not allowing customers access to The Hardy Street Businesses' businesses.

52.     The Defendants know that by closing the roads and entrances which service the The Hardy Street Businesses' businesses, patrons of these businesses would not be able to patronize these businesses, thus interfering with The Hardy Street Businesses' business relations.

### C. NEGLIGENCE

53.     The allegations of the foregoing paragraphs are hereby incorporated by reference.

54.   Defendant Waits, by and through its Project Engineer, have been negligent in their supervision of the construction project and have allowed numerous negligent acts to occur, greatly delaying the completion of the construction project.

55.   On numerous occasions, Defendants have been forced to dig up and re-do several portions of the project because Defendants failed to follow the design plans and because the Defendants failed to follow state regulations for the construction of roads and sewers.

56.   These delays have been caused by the negligent acts and omissions of Dunn and Waits.

57.   These Defendants owed The Hardy Street Businesses a duty to act in accordance with the contract, the design plans, and state regulations in completing the subject project.

58.   Defendants have breached these duties, causing substantial and unreasonable delays, said breaches being the proximate cause of foreseeable financial and economic damages suffered by the The Hardy Street Businesses in this matter.

## D. INFLICTION OF EMOTIONAL DISTRESS

59.   The negligent actions of the Defendants have caused the The Hardy Street Businesses to suffer emotional distress and loss of enjoyment of life.

60.   The Hardy Street Businesses businesses had a history of growth and financial success prior to the commencement of the construction project.

61.   The delays and interference have caused The Hardy Street Businesses stress, worry, and anxiety as to The Hardy Street Businesses' ability to maintain and grow their businesses while providing for their families and loved ones.

62.   The Hardy Street Businesses have been forced to seek reduction in rent payments to ensure they are able to maintain their businesses day to day expenses.

## E. FRAUDULENT / NEGLIGENT MISREPRESENTATIONS

63.   In relation to the project, the City represented to The Hardy Street Businesses that "Access will continue to be available during the construction period.".

64.    Upon information and belief, the City knew that The Hardy Street Businesses would not enjoy access to their properties during the construction project.

65.    The City only made these misrepresentations to induce The Hardy Street Businesses to allow easements to The Hardy Street Businesses' property.

66.    Dunn and Waits, as agents and contractors of the City, are bound by the representations of the City.

67.    The misrepresentations described herein have caused substantial damage to the The Hardy Street Businesses.

## COUNT VII - VIOLATION OF MCA § 21-37-7

68.    The allegations of the foregoing paragraphs are hereby incorporated by reference.

69.    MCA § 21-37-7 states in pertinent part: No street or alley or any portion thereof shall be closed or vacated, however, except upon due compensation being first made to the abutting landowners upon such street or alley for all damages sustained thereby.

70.    Here, the Defendants have closed down a portion of Hardy Street abutting the The Hardy Street Businesses. Therefore, the Defendants are liable to the The Hardy Street Businesses for all damages proven at trial for violating MCA § 21-37-7.

## COUNT VIII - VIOLATION OF HATTIESBURG DEVELOPMENT CODE SEC. 23-10

71.    The allegations of the foregoing paragraphs are hereby incorporated by reference.

72.    The Hattiesburg Development Code Sec. 23-10 states:

> Any and all persons engaged in the construction, alteration, repair or removal of any building, or other structure anywhere in the city are authorized to occupy not more than one-third of the street or alley, measured from the property line immediately in front of and adjacent to the lot on which such building is being erected, altered, repaired or removed, during such reasonable length of time as may be absolutely necessary to carry on and complete the work.

73.    In the instant case, the Defendants have engaged in construction and has unreasonably and unlawfully occupied, used, and closed more than a third of the street. Therefore, the City is liable for all damages proven for violating Hattiesburg Development Code Sec. 23-10.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, The Hardy Street Businesses request the following:

A.    Compensatory, special, and consequential damages;

B.    Special damages for lost income and profits;

C.    Damages for unlawful taking under the Fifth and Fourteenth Amendments of the United States Constitution and Mississippi Constitution;

D.    Damages for Due Process and Equal Protection violations under the Fifth and Fourteenth Amendments of the United States Constitution and Mississippi Constitution;

E.    Punitive damages for the Defendants' egregious willful misconduct;

F.    Attorney's fees and costs of Court; and

G.    Any other damage or remedy allowed under federal and state law.


Respectfully submitted this the _25_ day of September, 2013.


                                        THE HARDY STREET BUSINESSES

                                        BY:_____
                                            DANIEL M. WAIDE, MSB #103543


OF COUNSEL:

DANIEL M. WAIDE, MSB #103543
SAMUEL S. McHARD, MSB #100295
P. MANION ANDERSON, MSB #104250
McHARD & ASSOCIATES, PLLC
15 MILBRANCH ROAD
HATTIESBURG, MS  39402
Phone:  601-450-1715
Fax:     601-450-1719
smchard@mchardlaw.com

**NAME**
Justin Green
Bert King
Jace Nguyen
Mike Logan

**BUSINESS**
Firehouse Subs of Hattiesburg
King Photography
Nails For U 2
Blue Moon Spirits

**ADDRESS**
2401 Hardy Street
2295 Hardy Street
2307 Hardy Street
2313 Hardy Street

CERTIFIED A TRUE COPY
Forrest County, Mississippi
Lou Ellen Adams, Circuit Clerk
This the 14 day of October 2013
By: _____ D.C.



EXHIBIT
A

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

MIKE LOGAN; BLUE MOON SPIRITS;
BERT KING; KING PHOTOGRAPHY;
JACE NGUYEN; NAILS FOR U;
JUSTIN GREEN; FIREHOUSE SUBS OF                          **PLAINTIFFS**
HATTIESBURG

                                    CIVIL ACTION NO. CI-13-0248

v.

CITY OF HATTIESBURG, MISSISSIPPI;
DUNN ROAD ROADBUILDERS, LLC;
SHOWS, DEARMAN & WAITS, INC.                             **DEFENDANTS**
and JOHN DOES 1 THROUGH 5

---

## SUMMONS

---

THE STATE OF MISSISSIPPI
COUNTY OF FORREST

        **TO:**   City of Hattiesburg
                 c/o City Clerk
                 200 Forrest Street
                 Hattiesburg, MS 39401
                 or wherever found

**THE COMPLAINTWHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

        You are required to mail or hand deliver a copy of a written response to the Complaint and Interrogatories, Requests for Production of Documents and Request for Admissions to Samuel S. McHard, McHard, McHard & Associates, 15 Milbranch Road, Hattiesburg, Mississippi 39402, attorney for the Plaintiffs. Your response to the Complaint must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

        Issued under my hand and seal of said Court, this 25 day of September, 2013.

                          **FORREST COUNTY CIRCUIT CLERK**

                          BY: _____ D.C.

SAMUEL S. McHARD, MSB #100295
DANIEL M. WAIDE, MSB #103543
McHARD & ASSOCIATES, PLLC
15 MILBRANCH ROAD
HATTIESBURG, MS 39402
T: 601-450-1715; F: 601-450-1719

CERTIFIED A TRUE COPY
Forrest County, Mississippi
Lou Ellen Adams, Circuit Clerk
This the ___ day of _____ 2013
By _____ D.C.

## IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

MIKE LOGAN; BLUE MOON SPIRITS;
BERT KING; KING PHOTOGRAPHY;
JACE NGUYEN; NAILS FOR U;
JUSTIN GREEN; FIREHOUSE SUBS OF
HATTIESBURG

**PLAINTIFFS**

CIVIL ACTION NO. CI 13-0246

v.

CITY OF HATTIESBURG, MISSISSIPPI;
DUNN ROAD ROADBUILDERS, LLC;
SHOWS, DEARMAN & WAITS, INC.
and JOHN DOES 1 THROUGH 5

**DEFENDANTS**

---

### SUMMONS

---

THE STATE OF MISSISSIPPI
COUNTY OF FORREST

TO:     Dunn RoadBuilders, LLC
        c/o its registered agent Gary Walters
        411 West Oak Street
        Laurel, MS 39441
        or wherever found

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint and Interrogatories, Requests for Production of Documents and Request for Admissions to Samuel S. McHard, McHard & Associates, 15 Milbranch Road, Hattiesburg, Mississippi 39402, attorney for the Plaintiffs. Your response to the Complaint must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 25 day of September, 2013.

FORREST COUNTY CIRCUIT CLERK

BY: _____ D.C.

SAMUEL S. McHARD, MSB #100295
DANIEL M. WAIDE, MSB #103543
McHARD & ASSOCIATES, PLLC
15 MILBRANCH ROAD
HATTIESBURG, MS 39402
T: 601-450-1715; F: 601-450-1719

CERTIFIED A TRUE COPY
Forrest County, Mississippi
Lou Ellen Adams, Circuit Clerk
This the 14 day of October 2013
By _____ D.C.

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

MIKE LOGAN; BLUE MOON SPIRITS;
BERT KING; KING PHOTOGRAPHY;
JACE NGUYEN; NAILS FOR U;
JUSTIN GREEN; FIREHOUSE SUBS OF
HATTIESBURG                                                    **PLAINTIFFS**

v.                                          CIVIL ACTION NO. CI13-0246

CITY OF HATTIESBURG, MISSISSIPPI;
DUNN ROAD ROADBUILDERS, LLC;
SHOWS, DEARMAN & WAITS, INC.
and JOHN DOES 1 THROUGH 5                                      **DEFENDANTS**

---

## SUMMONS

---

THE STATE OF MISSISSIPPI
COUNTY OF FORREST

**TO:**   Shows, Dearman & Waits, Inc.
c/o its registered agent Kyle Wallace
301 Second Avenue
Hattiesburg, MS 39401
or wherever found

**THE COMPLAINTWHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint and Interrogatories, Requests for Production of Documents and Request for Admissions to Samuel S. McHard, McHard & Associates, 15 Milbranch Road, Hattiesburg, Mississippi 39402, attorney for the Plaintiffs. Your response to the Complaint must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 25 day of September, 2013.

FORREST COUNTY CIRCUIT CLERK

BY: _____ D.C.

CERTIFIED A TRUE COPY
Forrest County, Mississippi
Lou Ellen Adams, Circuit Clerk
This the 14 day of October 2013
By _____ D.C.

SAMUEL S. McHARD, MSB #100295
DANIEL M. WAIDE, MSB #103543
McHARD & ASSOCIATES, PLLC
15 MILBRANCH ROAD
HATTIESBURG, MS 39402
T: 601-450-1715; F: 601-450-1719

## IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

MIKE LOGAN; BLUE MOON SPIRITS;
BERT KING; KING PHOTOGRAPHY;
JACE NGUYEN; NAILS FOR U;
JUSTIN GREEN; FIREHOUSE SUBS OF
HATTIESBURG                                                        **PLAINTIFFS**

v.                                                        **CIVIL ACTION NO. CI13-0246**

CITY OF HATTIESBURG, MISSISSIPPI;
DUNN ROAD ROADBUILDERS, LLC;
SHOWS, DEARMAN & WAITS, INC.
and JOHN DOES 1 THROUGH 5                                   **DEFENDANTS**

---

## SUMMONS

---

**THE STATE OF MISSISSIPPI
COUNTY OF FORREST**

> **TO:**   City of Hattiesburg
> c/o City Clerk
> 200 Forrest Street
> Hattiesburg, MS 39401
> or wherever found

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint to Samuel S. McHard, McHard & Associates, 15 Milbranch Road, Hattiesburg, Mississippi 39402, attorney for the Plaintiffs. Your response to the Complaint must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 26 day of September, 2013.

**FORREST COUNTY CIRCUIT CLERK**

BY: _____ D.C.

SAMUEL S. McHARD, MSB #100295
DANIEL M. WAIDE, MSB #103543
McHARD & ASSOCIATES, PLLC
15 MILBRANCH ROAD
HATTIESBURG, MS 39402
T: 601-450-1715; F: 601-450-1719

CERTIFIED A TRUE COPY
Forrest County, Mississippi
Lou Ellen Adams, Circuit Clerk
This the 4 day of October 2013
By: _____ D.C.

## IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

MIKE LOGAN; BLUE MOON SPIRITS;
BERT KING; KING PHOTOGRAPHY;
JACE NGUYEN; NAILS FOR U;
JUSTIN GREEN; FIREHOUSE SUBS OF
HATTIESBURG                                                            **PLAINTIFFS**

v.                                                   **CIVIL ACTION NO. CI13-0246**

CITY OF HATTIESBURG, MISSISSIPPI;
DUNN ROAD ROADBUILDERS, LLC;
SHOWS, DEARMAN & WAITS, INC.
and JOHN DOES 1 THROUGH 5                                              **DEFENDANTS**

---

## SUMMONS

---

**THE STATE OF MISSISSIPPI**
**COUNTY OF FORREST**

**TO:**   Dunn RoadBuilders, LLC
c/o its registered agent Gary Walters
411 West Oak Street
Laurel, MS 39441
or wherever found

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint to Samuel S. McHard, McHard & Associates, 15 Milbranch Road, Hattiesburg, Mississippi 39402, attorney for the Plaintiffs. Your response to the Complaint must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 26 day of September, 2013.

**FORREST COUNTY CIRCUIT CLERK**

BY: _____ D.C.

SAMUEL S. McHARD, MSB #100295
DANIEL M. WAIDE, MSB #103543
McHARD & ASSOCIATES, PLLC
15 MILBRANCH ROAD
HATTIESBURG, MS 39402
T: 601-450-1715; F: 601-450-1719

CERTIFIED A TRUE COPY
Forrest County, Mississippi
Lou Ellen Adams, Circuit Clerk
This the 14 day of October 2013
By: _____ D.C.

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

MIKE LOGAN; BLUE MOON SPIRITS;
BERT KING; KING PHOTOGRAPHY;
JACE NGUYEN; NAILS FOR U;
JUSTIN GREEN; FIREHOUSE SUBS OF
HATTIESBURG                                                            PLAINTIFFS

v.                                                      CIVIL ACTION NO. CI13-0246

CITY OF HATTIESBURG, MISSISSIPPI;
DUNN ROAD ROADBUILDERS, LLC;
SHOWS, DEARMAN & WAITS, INC.
and JOHN DOES 1 THROUGH 5                                              DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI
COUNTY OF FORREST

TO:   Shows, Dearman & Waits, Inc.
      c/o its registered agent Kyle Wallace
      301 Second Avenue
      Hattiesburg, MS 39401
      or wherever found

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint to Samuel S. McHard, McHard & Associates, 15 Milbranch Road, Hattiesburg, Mississippi 39402, attorney for the Plaintiffs. Your response to the Complaint must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 2[ ] day of September, 2013.

FORREST COUNTY CIRCUIT CLERK

BY: _____ D.C.

SAMUEL S. McHARD, MSB #100295
DANIEL M. WAIDE, MSB #103543
McHARD & ASSOCIATES, PLLC
15 MILBRANCH ROAD
HATTIESBURG, MS 39402
T: 601-450-1715; F: 601-450-1719

CERTIFIED A TRUE COPY
Forrest County, Mississippi
Lou Ellen Adams, Circuit Clerk
This the 14 day of October, 2013
By: _____ D.C.

FILED
OCT 09 2013

*[signature]*
FORREST COUNTY CIRCUIT CLERK

IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

MIKE LOGAN; BLUE MOON SPIRITS;
BERT KING; KING PHOTOGRAPHY;
JACE NGUYEN; NAILS FOR U;
JUSTIN GREEN; FIREHOUSE SUBS OF
HATTIESBURG                                                                    **PLAINTIFFS**

FILED
OCT 08 2013

*[signature]*
FORREST COUNTY CIRCUIT CLERK

v.                                                          CIVIL ACTION NO. CI13-0246

CITY OF HATTIESBURG, MISSISSIPPI;
DUNN ROAD ROADBUILDERS, LLC;
SHOWS, DEARMAN & WAITS, INC.
and JOHN DOES 1 THROUGH 5                                     **DEFENDANTS**

---

## SUMMONS

---

THE STATE OF MISSISSIPPI
COUNTY OF FORREST

**TO:**   Shows, Dearman & Waits, Inc.
c/o its registered agent Kyle Wallace
301 Second Avenue
Hattiesburg, MS 39401
or wherever found

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint to Samuel S. McHard, McHard & Associates, 15 Milbranch Road, Hattiesburg, Mississippi 39402, attorney for the Plaintiffs. Your response to the Complaint must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this **26** day of September, 2013.

FORREST COUNTY CIRCUIT CLERK

BY: _____ D.C.

SAMUEL S. McHARD, MSB #100295
DANIEL M. WAIDE, MSB #103543
McHARD & ASSOCIATES, PLLC
15 MILBRANCH ROAD
HATTIESBURG, MS 39402
T: 601-450-1715; F: 601-450-1719

CERTIFIED A TRUE COPY
Forrest County, Mississippi
Lou Ellen Adams, Circuit Clerk
This the 14 day of October 2013
By: _____ D.C.

## PROOF OF SERVICE - Summons and Complaint
### (Process Server)

**Shows, Dearman & Waits, Inc. c/o Kyle Wallace**
Name of Person or Entity Served

    I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below:

    ✓ PERSONAL SERVICE. I personally delivered a copy to _Kyle Wallace_ on the _27th_ day of _September_, 2013, where I found said person in _Forrest_ County, Mississippi.

    _____ RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and complaint/petition on the _____ day of _____, _____, at the usual place of abode of said person by leaving a copy of the summons and complaint/petition with _____ who is the _____ (insert wife, husband, son, daughter, or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint/petition, and thereafter on the _____ day of _____, _____, I mailed, by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

    At the time of service, I was at least 18 years of age and not a party to this action.

Process server must list below:

Name:     _Raymond B. Wilson_
Address:   _P.O. Box 1561_
              _Laurel MS 39441_
Telephone:  _601-498-0753_

STATE OF MISSISSIPPI
COUNTY OF _Jones_

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Raymond B. Wilson_, who being first by me duly sworn, states on oath that the matters and facts set forth in the foregoing "Proof of Service - Summons and Complaint" are true and correct as therein stated.

_Raymond B. Wilson_
PROCESS SERVER

Sworn to and subscribed before me on this the _27th_ day of _Sept._, 2013.

_Beverly Harrison_
NOTARY PUBLIC

My Commission Expires:

_____

STATE OF MISSISSIPPI
BEVERLY HARRISON
ID No. 23203
Comm Expires
February 1, 2017
NOTARY PUBLIC
JONES COUNTY

**IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI** FILED

OCT 09 2013

Jo Ellen Oakes
FORREST COUNTY CIRCUIT CLERK

MIKE LOGAN; BLUE MOON SPIRITS;
BERT KING; KING PHOTOGRAPHY;
JACE NGUYEN; NAILS FOR U;
JUSTIN GREEN; FIREHOUSE SUBS OF
HATTIESBURG

FILED

OCT 04 2013

Jo Ellen Oakes
FORREST COUNTY CIRCUIT CLERK

**PLAINTIFFS**

**CIVIL ACTION NO. CI13-0246**

v.

CITY OF HATTIESBURG, MISSISSIPPI;
DUNN ROAD ROADBUILDERS, LLC;
SHOWS, DEARMAN & WAITS, INC.
and JOHN DOES 1 THROUGH 5

**DEFENDANTS**

---

## SUMMONS

---

THE STATE OF MISSISSIPPI
COUNTY OF FORREST

> TO: City of Hattiesburg
> c/o City Clerk
> 200 Forrest Street
> Hattiesburg, MS 39401
> or wherever found

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint to Samuel S. McHard, McHard & Associates, 15 Milbranch Road, Hattiesburg, Mississippi 39402, attorney for the Plaintiffs. Your response to the Complaint must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 26 day of September, 2013.

**FORREST COUNTY CIRCUIT CLERK**

BY: _____ D.C.

SAMUEL S. McHARD, MSB #100295
DANIEL M. WAIDE, MSB #103543
McHARD & ASSOCIATES, PLLC
15 MILBRANCH ROAD
HATTIESBURG, MS 39402
T: 601-450-1715; F: 601-450-1719

CERTIFIED A TRUE COPY
Forrest County, Mississippi
Lou Ellen Adams, Circuit Clerk

This the 14 day of October 2013

By _____ D.C.

**PROOF OF SERVICE - Summons and Complaint**
(Process Server)

City of Hattiesburg c/o City Clerk
Name of Person or Entity Served

I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below:

✓ PERSONAL SERVICE. I personally delivered a copy to *Connie Everett, Deputy City Clerk* on the *26th* day of *September*, 2013, where I found said person in Forrest County, Mississippi.

_____ RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and complaint/petition on the _____ day of _____, _____, at the usual place of abode of said person by leaving a copy of the summons and complaint/petition with _____ who is the _____ (insert wife, husband, son, daughter, or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint/petition, and thereafter on the _____ day of _____, _____, I mailed, by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

At the time of service, I was at least 18 years of age and not a party to this action.

Process server must list below:

Name: *Raymond B. Wilson*
Address: *P.O. Box 1561*
*Laurel, MS 39441*
Telephone: *601-498-0753*

STATE OF MISSISSIPPI
COUNTY OF *Jones*

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named *Raymond B. Wilson*, who being first by me duly sworn, states on oath that the matters and facts set forth in the foregoing "Proof of Service - Summons and Complaint" are true and correct as therein stated.

*Raymond B. Wilson*
PROCESS SERVER

Sworn to and subscribed before me on this the *27* day of *Sept*, 2013.

*Beverly Harrison*
NOTARY PUBLIC

My Commission Expires: _____

STATE OF MISSISSIPPI
BEVERLY HARRISON
ID No. 23203
Comm Expires
February 1, 2017
NOTARY PUBLIC
JONES COUNTY

## IN THE CIRCUIT COURT OF FORREST COUNTY, MISSISSIPPI

MIKE LOGAN; BLUE MOON SPIRITS;
BERT KING; KING PHOTOGRAPHY;
JACE NGUYEN; NAILS FOR U;
JUSTIN GREEN; FIREHOUSE SUBS OF
HATTIESBURG                                                          **PLAINTIFFS**

FILED

v.                                             FORREST COUNTY CIRCUIT CLERK   **CIVIL ACTION NO. CI13-0246**

CITY OF HATTIESBURG, MISSISSIPPI;
DUNN ROAD ROADBUILDERS, LLC;
SHOWS, DEARMAN & WAITS, INC.
and JOHN DOES 1 THROUGH 5                                             **DEFENDANTS**

---

### SUMMONS

---

THE STATE OF MISSISSIPPI
COUNTY OF FORREST

**TO:**   Dunn RoadBuilders, LLC
c/o its registered agent Gary Walters
411 West Oak Street
Laurel, MS 39441
or wherever found

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint to Samuel S. McHard, McHard & Associates, 15 Milbranch Road, Hattiesburg, Mississippi 39402, attorney for the Plaintiffs. Your response to the Complaint must be mailed or delivered within 30 days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this 2b day of September, 2013.

FORREST COUNTY CIRCUIT CLERK

BY _____   D.C.

SAMUEL S. McHARD, MSB #100295
DANIEL M. WAIDE, MSB #103543
McHARD & ASSOCIATES, PLLC
15 MILBRANCH ROAD
HATTIESBURG, MS 39402
T: 601-450-1715; F: 601-450-1719

CERTIFIED A TRUE COPY
Forrest County, Mississippi
Lou Ellen Adams, Circuit Clerk
This the 14 day of October 2013
BY _____   D.C.

## PROOF OF SERVICE - Summons and Complaint
### (Process Server)

Dunn RoadBuilders LLC c/o Gary Walters

Name of Person or Entity Served

    I, the undersigned process server, served the Summons and Complaint upon the person or entity named above in the manner set forth below:

    ☑ PERSONAL SERVICE. I personally delivered a copy to _Gary Walters_ on the _27th_ day of _September_, 2013, where I found said person in _Jones_ County, Mississippi.

    _____ RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and complaint/petition on the _____ day of _____, _____, at the usual place of abode of said person by leaving a copy of the summons and complaint/petition with _____ who is the _____ (insert wife, husband, son, daughter, or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint/petition, and thereafter on the _____ day of _____, _____, I mailed, by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

    At the time of service, I was at least 18 years of age and not a party to this action.

Process server must list below:

Name: _Raymond B. Wilson_

Address: _P.O. Box 1561_
_Laurel, MS 39441_

Telephone: _601-498-0753_

STATE OF MISSISSIPPI
COUNTY OF _Jones_

    Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named _Raymond B. Wilson_ , who being first by me duly sworn, states on oath that the matters and facts set forth in the foregoing "Proof of Service - Summons and Complaint" are true and correct as therein stated.

_Raymond B. Wilson_
PROCESS SERVER

Sworn to and subscribed before me on this the 27th day of Sept., 2013.

_Beverly Harrison_
NOTARY PUBLIC

My Commission Expires: _____

STATE OF MISSISSIPPI
BEVERLY HARRISON
ID No. 23203
Comm Expires
February 1, 2017
NOTARY PUBLIC
JONES COUNTY

# MCHARD & ASSOCIATES, P.L.L.C.

15 Milbranch Road
Hattiesburg, MS 39402

Samuel S. McHard*
Erica R. McHard*
Daniel M. Waide
P. Manion Anderson
*Licensed in MS, IL, IA

Telephone: (601) 450-1715
Facsimile: (601) 450-1719

October 4, 2013

FILED

OCT 0 8 2013

Lou Ellen Adams
Forrest County Circuit Clerk
P.O. Drawer 992
Hattiesburg, MS 39403

FORREST COUNTY CIRCUIT CLERK

RE:     *Logan, et al. v. City of Hattiesburg, et al.*
        Civil Action No. CI13-0246
        In the Circuit Court of Forrest County, Mississippi

Dear Ms. Adams:

Enclosed please find an original and one copy of the three Proofs of Service of Summons to be filed in the above referenced matter.  Please stamp "Filed" the copies and return to our office in the self addressed pre-paid envelope.

If you have any questions, please do not hesitate to contact me.  Thank you, in advance for your professional courtesies.

Very truly yours,

McHARD & ASSOCIATES, PLLC

H. Virginia Kramer, Paralegal

Enclosures