IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE LOGAN, *et al.* | § | PLAINTIFFS |
| | § | |
| V. | § | Civil No. 2:13CV232-HSO-RHW |
| | § | |
| CITY OF HATTIESBURG, | § | |
| MISSISSIPPI, *et al.* | § | DEFENDANTS |

**<u>MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART WITHOUT PREJUDICE DEFENDANT CITY OF
HATTIESBURG, MISSISSIPPI'S [30] MOTION FOR JUDGMENT ON THE
PLEADINGS, GRANTING IN PART AND DENYING IN PART
WITHOUT PREJUDICE DEFENDANT SHOWS, DEARMAN & WAITS,
INC.'S [75] MOTION FOR JUDGMENT ON THE PLEADINGS, DISMISSING
WITHOUT PREJUDICE ALL PLAINTIFFS' FEDERAL CLAIMS, AND
REMANDING CIVIL ACTION TO STATE COURT</u>**

BEFORE THE COURT are the Motions for Judgment on the Pleadings filed by Defendant City of Hattiesburg, Mississippi [30], and by Defendant Shows, Dearman & Waits, Inc. [75].[1]  These Motions are now fully briefed.  After due consideration of the Motions, the related pleadings, the record, and relevant legal authorities, the Court finds that both Motions for Judgment on the Pleadings [30], [75] should be granted in part and denied in part without prejudice.  The federal claims of all Plaintiffs will be dismissed without prejudice.  Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and will remand this matter to state court.

---

[1] Defendant Shows, Dearman & Waits filed a Joinder [75] in the City's Motion for Judgment on the Pleadings [30].  Based upon the relief requested, the Court construes this pleading as a Motion for Judgment on the Pleadings.  Plaintiffs have treated the Joinder [75] as a Motion and have filed a Response [100].

I.  BACKGROUND

A.   Factual Background

This case stems from the City of Hattiesburg, Mississippi's ["Hattiesburg" or the "City"], widening of Hardy Street between United States Highway 49 and 21st Avenue within the City limits.  Plaintiffs Mike Logan; Hattiesburg Package Distributors, Inc., d/b/a Blue Moon Spirits; Bert King; King Photography, Inc., d/b/a King Photography; Jace Nguyen; Nails For U 2; Justin Green; and JLG Firestation LLC, d/b/a Firehouse Subs of Hattiesburg [collectively, "Plaintiffs"],[2] purport to be "owners, landlords, tenants and/or lessees of businesses and certain real property situated on Hardy Street and U.S. Highway 49."  Compl. [1-1] at 1.  Shows, Dearman & Waits, Inc. ["SDW"] was the engineering firm that designed, supervised, and oversaw the widening project.  Id. at 2.  According to the Complaint, the City selected Dunn Road Roadbuilders, LLC ["Dunn"] as the construction company for the project.  The City's contract with Dunn had a completion date of March 28, 2013.  Id. at 1–3.

Plaintiffs allege that negligent acts and omissions of Dunn and SDW have caused substantial delays in completion of the project.  Id. at 3–4.  Plaintiffs claim that Defendants have interfered with Plaintiffs' property rights and have deprived Plaintiffs "of all or substantially all economic use of their properties because customers are not able to access [their] businesses."  Id. at 4–5.  Plaintiffs charge

---

[2]Some of Plaintiffs' names appear differently in the Complaint.  Pursuant to an Order [110] entered on March 25, 2014, these Plaintiffs' names were corrected as misnomers.

that they have also "had, at times, their utilities disconnected as a result of the construction, forcing [Plaintiffs] to shut down for hours at a time." *Id.* at 5.

B.  Procedural History

Plaintiffs filed their Complaint [1-1] in the Circuit Court of Forrest County, Mississippi, on or about September 25, 2013, and named as Defendants Hattiesburg, Dunn, SDW, and John Does 1 through 5 [collectively, "Defendants"]. The Complaint advances claims against all Defendants for "inverse condemnation/taking"; due process violations under the Fifth and Fourteenth Amendments to the United States Constitution and Article 3, Section 17 and Article 7, Section 190 of the Mississippi Constitution; equal protection violations under the Fourteenth Amendment to the United States Constitution; breach of contract; violation of Mississippi Code § 21-37-7; and violation of Hattiesburg Development Code Sec. 23-10.  Compl. [1-1] at 6–10.  The Complaint also asserts "supplemental tort claims" against Dunn and SDW, including state law claims for trespass, negligent/intentional interference with business relations, negligence, negligent infliction of emotional distress, and fraudulent/negligent misrepresentation.  *Id.* at 8–10.  Plaintiffs seek an award of "[c]ompensatory, special and consequential damages," lost income and profits, damages for unlawful taking, and damages for due process and equal protection violations, as well as punitive damages, attorney's fees, and costs.  *Id.* at 11.

Defendants removed the case to this Court on October 21, 2013, invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Notice of Removal [1] at

3–4.  The City now seeks a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to all claims asserted by all Plaintiffs.  City's Mot. [30] at 1–3.  SDW has joined [75] the City's Motion [30] and seeks dismissal of certain claims against SDW, including the federal claims of all Plaintiffs.  SDW's Mot. [75] at 1–5.  Plaintiffs, who are represented by counsel, have responded to the Motions but have not requested leave to substantively amend their Complaint in the over four months that the Motions have been pending.[3]

## II.  DISCUSSION

A.  Standard of Review

The United States Court of Appeals for the Fifth Circuit has explained that a court must

> evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "'[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'"  *Id.* (quoting *Hughes* [*v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)].  To avoid dismissal, a plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 129 S. Ct. at 1950 ("While legal conclusions can provide the

---

[3] Motions for amended pleadings were due by January 10, 2014, before the City and SDW filed their Motions [30], [75] and before the Court stayed [125] all deadlines in the case. Plaintiffs did file a Motion [80] to correct misnomers of certain Plaintiffs' names, which they stated was pursuant to Federal Rule of Civil Procedure 15.  Mot. [80] at 1.  Plaintiffs did not otherwise seek to amend their Complaint.

framework of a complaint, they must be supported by factual allegations.").

*Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). "The fundamental question is whether the plaintiff states a claim on which relief may be granted." *Morris v. PLIVA, Inc.*, 713 F.3d 774, 776 (5th Cir. 2013).

B.  Plaintiffs' Federal Claims

   1.  Plaintiffs' Takings Claim

Plaintiffs allege that they "have a special right of reasonable access and use in Hardy Street." Compl. [1-1] at 6. Plaintiffs maintain that Defendants have deprived them of this property right without due compensation. *Id.* According to the Complaint, Plaintiffs "have lost, in some instances, half of their available parking spots without due compensation from the Defendants." *Id.* Plaintiffs charge that Defendants' actions constitute a taking in violation of the United States Constitution. *Id.*

The Takings Clause of the Fifth Amendment, made applicable to states through the Fourteenth Amendment, is implicated when private property is taken for public use without just compensation. *Urban Developers LLC v. City of Jackson*, 468 F.3d 281, 292 (5th Cir. 2006). However,

> [a] takings claim is not ripe until (1) the relevant governmental unit has reached a final decision as to what will be done with the property and (2) the plaintiff has sought compensation through whatever adequate procedures the state provides.

*Sandy Creek Investors, Ltd. v. City of Jonestown, Tex.*, 325 F.3d 623, 626 (5th Cir. 2003) (citing *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194–95 (1985)); *see also Litten v. Grenada Cnty., Miss.*, 368 F. App'x 487, 489 (5th Cir. 2010).

A plaintiff generally bears the burden of showing that his claim satisfies the ripeness requirements for review under Article III of the United States Constitution.  *See, e.g., Miss. State Democratic Party v. Barbour*, 529 F.3d 538, 545 (5th Cir. 2008) (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)); *McFadden v. Stephens*, 253 F.3d 702, 2001 WL 498493, * 1 (5th Cir. 2001).  The question of ripeness may be raised *sua sponte* by the Court.  *Rosedale Missionary Baptist Church v. New Orleans City*, 641 F.3d 86, 88–89 (5th Cir. 2011).

Although the parties have not raised the question of ripeness, there is no indication in Plaintiffs' Complaint that the relevant governmental unit has reached a final decision or that Plaintiffs have availed themselves of adequate state procedures with respect to their takings claim.  *See Williamson Cnty.*, 473 U.S. at 194–95; *Sandy Creek Investors*, 325 F.3d at 626.  The Complaint simply asserts that "[t]o date, Mayor Dupree and the City have refused to compensate Plaintiff [sic] for their damages and the City and Mayor Dupree have refused and wholly failed to engage in meaningful correspondence in regards to the completion of construction and the compensation of [Plaintiffs'] damages."  Compl. [1-1] at 5.  Even if this statement could be construed as sufficient to demonstrate a final action by the municipality, Plaintiffs have not shown that they have sought compensation through whatever adequate procedures the State provides.

"In Mississippi, a bill of exceptions is the sole means available for seeking to overturn the administrative action of a municipality."  *Lange v. City of Batesville*, 160 F. App'x 348, 350 n.4 (5th Cir. 2005); *see also* Miss. Code § 11-51-75 (detailing

procedure for appeal from judgment or decision of municipal authorities by bill of exceptions). There is no indication that Plaintiffs ever filed a bill of exceptions, exhausted municipal and state procedures, or otherwise sought compensation in state court before pursuing their federal claims in this case.[4] Nor have Plaintiffs shown that the State's procedures for seeking compensation are unavailable or inadequate. *See Williamson Cnty.*, 473 U.S. at 197; *Severance v. Patterson*, 566 F.3d 490, 498–500 (5th Cir. 2009). Plaintiffs have not shown that their federal takings claim is ripe. For this reason, this claim must be dismissed without prejudice. *See, e.g., Urban Developers*, 468 F.3d at 292–94; *Litten*, 368 F. App'x at 488–89.

    2.    <u>Plaintiffs' Due Process Claims</u>

Plaintiffs vaguely allege that Defendants took their property without procedural or substantive due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution. Compl. [1-1] at 6–7. A plain reading of the Complaint reveals that Plaintiffs' procedural due process claim involves deprivations "ancillary" to or "arising from" their takings claim. *See Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 223–24 (5th Cir. 2012) (citing *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1045 n.6 (5th Cir. 1998)). The gravamen of Plaintiffs' procedural due process claim is the taking, and this procedural due process claim is not separately cognizable from Plaintiffs' charge

---

[4]Although Plaintiffs originally filed this Complaint in state court, the Fifth Circuit has held that a plaintiff may not ripen a federal takings claim by simultaneously bringing a state takings claim. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 386 (5th Cir. 2001).

that they were denied full compensation for the alleged taking. *See id.*; *Hidden Oaks*, 138 F.3d at 1045 n.6. In other words, the Complaint does not state a cognizable procedural due process claim which is separate and apart from Plaintiffs' takings claim. Because Plaintiffs' procedural due process claim arises out of or is ancillary to Plaintiffs' takings claim, and because Plaintiffs' federal takings claim is not ripe, Plaintiffs' procedural due process claim is likewise unripe. *See id.* This claim will be dismissed without prejudice.

Turning to Plaintiffs' substantive due process claim, the Fifth Circuit has held that in order to determine whether a substantive due process claim is sufficiently independent of a takings claim, "a careful analysis must be undertaken to assess the extent to which a plaintiff's substantive due process claim rests on protections that are also afforded by the Takings Clause . . . ." *John Corp. v. City of Houston*, 214 F.3d 573, 583 (5th Cir. 2000). If the substantive due process claim is not sufficiently independent, such a claim "is simply a takings claim under a substantive due process label." *Steward v. City of New Orleans*, 537 F. App'x 552, 556 (5th Cir. 2013). In this case, Plaintiffs have not alleged any facts to support their substantive due process claim which separate or distinguish it from their takings or procedural due process claims. *See id.* To the extent that the Complaint's vague factual allegations regarding Defendants' alleged due process violations could be read to state a substantive due process claim, they reveal that such a claim is simply a takings claim traveling under a substantive due process label. *See id.* Because Plaintiffs' substantive due process claim is subsumed by

Plaintiffs' takings claim, Plaintiffs' substantive due process claim is also not ripe for adjudication. *See id.*

      3.    <u>Plaintiffs' Equal Protection Claim</u>

Plaintiffs assert that "[b]y giving special consideration to select businesses only, the Defendants have deprived [Plaintiffs] of equal protection under the Fourteenth Amendment of the United States Constitution." Compl. [1-1] at 7. Plaintiffs charge that these "select businesses have close ties to Mayor Dupree and the Mayor's office, and as a result, have been given special consideration for their continued support." *Id.* at 6. These allegations with respect to the City's and SDW's alleged equal protection violation are conclusory and lack sufficient factual content, such as the identities of the "select businesses," to state an equal protection claim. *See Gentilello*, 627 F.3d at 543–44; *see also Clark v. Owens*, 371 F. App'x 553, 554 (5th Cir. 2010) ("conclusory assertions that [one] was treated differently than other similarly situated [persons] are insufficient to state an equal protection claim").

Plaintiffs do not allege that Defendants' treatment of them is the result of intentional discrimination. *See Bowlby*, 681 F.3d at 227. Plaintiffs plead no facts to establish that they and the comparator "select businesses" to which they broadly refer are similarly situated. *See id.* With respect to SDW, even assuming that SDW was acting under color of state law, Plaintiffs have not articulated any facts explaining how SDW would be liable for actions allegedly taken by the City's mayor. The facts alleged in the Complaint are insufficient to make out a plausible equal

protection claim against either the City or SDW.⁵ The City's and SDW's Motions for Judgment on the Pleadings will be granted as to Plaintiffs' equal protection claim.

In sum, the Court will grant the City's and SDW's Motions for Judgment on the Pleadings to the extent they seek dismissal of Plaintiffs' federal claims. The Court will deny the Motions in part without prejudice as to Plaintiffs' state law claims.

C.  Plaintiffs' Federal Claims Asserted Against Defendant Dunn

While Dunn has not joined in or filed its own motion to dismiss Plaintiffs' federal claims, the Court considers *sua sponte* whether these claims should be dismissed without prejudice. A court is authorized to consider the sufficiency of a plaintiff's federal claims on its own initiative. *See First Gibraltar Bank, FSB v. Smith*, 2 F.3d 133, 135 (5th Cir. 1995). A court may dismiss a claim on its own motion "as long as the procedure employed is fair." *Davoodi v. Austin Indep. School Dist.*, - - - F.3d - - - -, 2014 WL 2714355, at *3 (5th Cir. June 16, 2014). While this ordinarily requires notice of a court's intention and an opportunity to respond, *id.*, a panel of the Fifth Circuit has affirmed a district court's dismissal of claims asserted against a non-moving defendant when the reasons for the dismissal were the same as those argued by the moving defendants, *Wilson v. Birnberg*, No. 13–20165, - - - F. App'x - - - -, 2014 WL 2462561, at *3–*5 (5th Cir. June 3, 2014); *see also, e.g., Aubrey v. Barlin*, No. A–10–CA–076–SS, 2014 WL 1872298, at *5 (W.D. Tex. May 7,

---

⁵Nor have Plaintiffs alleged sufficient facts to state a federal claim for relief against SDW that is plausible on its face for the additional reason that Plaintiffs make only conclusory allegations that SDW was "acting under color of state law." Compl. [1-1] at 2; *see Iqbal*, 556 U.S. at 678.

2014).

In the present case, even assuming Dunn was acting under color of law, every indication is that Plaintiffs' takings and due process claims against Dunn are as unripe as they are against the other Defendants for the same reasons the Court has previously articulated. In addition, Plaintiffs have failed to state an equal protection claim against Dunn for the same reasons they have failed to state a claim against SDW. Plaintiffs have had sufficient notice of and opportunity to respond to the City's and SDW's Motions, and have therefore received fair notice that their claims against the City and SDW could be dismissed. Because Plaintiffs have had a fair opportunity to respond to Defendants' requests for dismissal, the Court will dismiss Plaintiffs' federal claims against Dunn without prejudice for the same reasons it will dismiss the federal claims against the City and SDW.

D. <u>Supplemental Jurisdiction</u>

The Court has determined that all Plaintiffs' federal claims should be dismissed without prejudice. "[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Under § 1367(c), however, a district court may decline to exercise supplemental jurisdiction if

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [or]
(3) the district court has dismissed all claims over which it has original jurisdiction.

28 U.S.C. § 1367(c)(1)–(3).

Although some discovery has occurred in this case, all deadlines have been stayed since March 28, 2014. Order [125] at 1. Given the particular facts of the case and the nature of the state court claims presented, the Court is of the view that a state court would be better situated to resolve the remaining claims. Based on the particular circumstances presented in this case, and because the Court has dismissed all claims over which it had original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiffs' pendent state law claims. The Court will remand this matter to state court for further proceedings.

### III.  CONCLUSION

For the foregoing reasons, the City's and SDW's Motions for Judgment on the Pleadings should be granted in part as to Plaintiffs' federal claims and denied in part without prejudice as to Plaintiffs' state law claims. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and will remand this matter to state court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motions for Judgment on the Pleadings [30], [75] filed by Defendant City of Hattiesburg, Mississippi, and by Defendant Shows, Dearman & Waits, Inc., are **GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE**, and Plaintiffs' federal claims against Defendants City of Hattiesburg, Mississippi; Shows, Dearman & Waits, Inc.; and Dunn Road Roadbuilders, LLC, are **DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that this civil action is remanded to the Circuit Court of Forrest County, Mississippi, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED** this the 14th day of July, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE